UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80438-CIV-DIMITROULEAS

LIVERT JOSEPH,

    Plaintiff,                                                                 Magistrate Judge Rosenbaum

v.

NUNO, INC. II, d/b/a SAL'S ITALIAN RISTORANTE,
BRIAN GARBER, and EDUARDO BEIRA,

    Defendants,
_____/

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS
AND MOTION FOR MORE DEFINITE STATEMENT**

THIS CAUSE is before the court upon Defendants Nuno, Inc. II, Brian Garber, and Eduardo Beira's Motion to Dismiss the Complaint, or in the Alternative, Motion for More Definite Statement. [DE-8].  The Court has carefully considered the Motions; the Plaintiff's Response in Opposition to Defendants Nuno, Inc. II, Brian Garber, and Eduardo Beira's Motion to Dismiss and Motion for a More Definite Statement [DE-9]; and no reply having been filed, and the court is otherwise fully advised in the premises.

**I. BACKGROUND**

Plaintiff, Livert Joseph (Joseph), brought this action on April 22, 2008, against Defendants, alleging one count for Recovery of Overtime Compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) (FLSA).  According to the allegations of the Complaint, Joseph performed non-exempt work as an employee of Defendants Nuno, Inc. II (Nuno), Brian Garber (Garber), and Eduardo Beira (Beira).  Nuno is a Florida corporation that operates within the jurisdiction of this Court under the name Sal's Italian Ristorante.  Defendants Garber and

Beira own, manage, and operate Nuno, and are in charge of the employees' scheduling and rate of pay.

Plaintiff brought this action to recover overtime compensation, liquidated damages, costs, and reasonable attorney's fees from the Defendants pursuant to 29 U.S.C. § 216(b). Defendants allegedly did not pay Plaintiff time and one half of his regular pay rate for all hours worked in excess of forty hours per work week. Allegedly Plaintiff, and other employees, regularly worked in excess of forty hours a week, in one or more work weeks, while working for Defendants. Any records that might exist concerning the hours actually worked by the Defendants' employees, including Plaintiff, and the compensation they received are in the possession of the Defendants.

## II. DISCUSSION

Defendants move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) arguing Plaintiff fails to state a claim under the FLSA because the Complaint does not specify details of the time period when the violations occurred, nor does it provide the amount of wages owed. In addition, the Defendants argue in the alternative for a More Definite Statement because the Complaint is so vague or ambiguous that the Defendants cannot reasonably prepare a response.

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. See Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir. 1967)).

In the Eleventh Circuit, under the FLSA, a complaint that alleges the defendant (a) has employees "who are engaged in interstate commerce" and either "(b) that some employees are required to work in excess of 40 hours per week without being paid statutory overtime, (c) others are paid less than the statutory minimum, [or] that (d) records are not kept with sufficient accuracy to reflect these facts concerning the employees" is sufficient to survive a motion to dismiss.  Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 130 (5th Cir. 1959).[1] Also, even the failure to specify the employees were engaged in interstate commerce it is not fatal to the complaint.  Manosky v. Bethlehem-Hingham Shipyard, Inc., 177 F.2d 529, 531 (1st Cir. 1949). If evidence may be produced within the framework of the complaint that would support a grant of relief for the plaintiff, then the complaint is sufficient.  Id.

In this case, the Complaint charges the Defendants, who are engaged in commerce as defined by 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s), with not properly paying Plaintiff for all hours worked in excess of the regular forty (40) hour work week.  In addition, the Complaint alleges that the Plaintiff, and similarly situated employees for Defendants, regularly worked in excess of forty hours a week on more than one occasion while employed by the Defendants. Plaintiff contends that any records regarding the Plaintiff and the number of hours he worked or compensation paid to him are in the possession of the Defendants.  While Defendants cite to Woodson v. Modular Clean Inc. in support of their position, Woodson deals with a motion for a default judgment, not a Rule 12(b)(6) motion to dismiss, and therefore it does not apply.  2008 WL 619346 (M.D. Fla. Mar. 3, 2008).  Taking Plaintiff's allegations to be true, the Court finds

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

that the allegations in the Complaint are sufficient to state a claim of relief that is plausible on its face.  Defendants' Motion to Dismiss, therefore, must be denied.

**B.  Motion for More Definite Statement**

"A motion for more definite statement is appropriate if a pleading 'is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.'" Betancourt v. Marine Cargo Mgmt, 930 F. Supp. 606, 608 (S.D. Fla. 1996); Rule 12(e), Fed.R.Civ.P.  "In the federal system the rules employ the concept of notice pleading and motions for more definite statement are disfavored in light of the liberal discovery practices."  Scarfato v. Nat'l Cash Register Corp., 830 F. Supp. 1441, 1443 (M.D. Fla. 1993); (citing Bazal v. Belford Trucking Company, 442 F.Supp. 1089 (S.D. Fla. 1977)).  Such a motion should be granted only when the pleading to which the motion is directed is so vague or ambiguous that the party cannot reasonably be expected to respond.  Byrne v. Nezhat, 261 F. 3d 1075, 1128 (11th Cir. 2001).

The Defendants argue that the Complaint is not sufficient because it does not specify the details with regard to the time period in which the FLSA violations occurred or the amount of wages owed.  However, similar to Plaintiff's Complaint requesting relief for FLSA violations starting in April of 2005, the complaint in Hodgson v. Virginia Baptist Hosp, Inc. also referred only to the date when the violations began. 482 F.2d 821, 822 (4th Cir. 1973). The finding in Hodgson that the Complaint was sufficient persuades this Court to have a similar finding.  The instant Complaint comfortably satisfies the liberal notice pleading requirements of the Federal Rules of Civil Procedure.  The Motion for a More Definite Statement is denied because the Plaintiff's complaint alleges enough information to allow the Defendant to frame a reasonable response.  Discovery is the proper vehicle for Defendants to obtain the additional facts necessary

to prepare for trial.  Capaz v. Whitaker, Weinstraub & Grizzard, 2007 WL 1655473 *1 (M.D. Fla. June 5, 2007).

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendants' Motion to Dismiss [DE-8-1] is hereby **DENIED**.

2.  Defendants' Motion for a More Definite Statement [DE-8-2] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 10th day of July 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record